UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NOEMI DELCARMEN PINEDA,

    Plaintiff,

v.                                Case No. 8:19-cv-1481-NPM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER

Before the Court is the Uncontested Petition for Award of Attorney Fees Under the Equal Access to Justice Act (Doc. 19). The parties consented to proceed before a Magistrate Judge for all proceedings. (Doc. 14). Defendant does not oppose the relief requested. (Doc. 19, p. 2). For the reasons below, the Court grants the Uncontested Petition for Award of Attorney Fees (Doc. 19).

On November 30, 2020, the Court entered an Opinion and Order reversing and remanding this action to the Commissioner to reconsider Dr. Fridman's opinions in light of the medical evidence of record. (Doc. 17, p. 14). Thus, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), Plaintiff filed a request for an award of $6,456.78 in attorney's fees and $400.00 in costs. (Doc. 19, pp. 1, 4).

In order for Plaintiff to receive an award of fees under EAJA, 28 U.S.C. § 2412, the following five conditions must be established: (1) Plaintiff must file a timely application for attorney's fees; (2) Plaintiff's net worth must have been less than $2 million dollars at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). The Commissioner does not contest that Plaintiff meets the requirements under EAJA. (Doc. 19, p. 2). Upon consideration, the Court finds that all conditions of EAJA have been met.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption that it is a reasonable fee. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992). The Court determines that after review of the services provided, 31.4 hours[1] expended by attorney Erik W. Berger are reasonable here. (*See* Doc. 19, p. 6).

---

[1] Plaintiff's counsel expended 35.4 hours, but agreed to reduce the hours to 31.4 hours. (Doc. 19, n.1).

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Thus, determination of the appropriate hourly rate is a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Plaintiff requests the hourly rate of $205.63. (Doc. 19, pp. 2-3). The Court finds this hourly rate appropriate.

Plaintiff also requests $400.00 in costs for the filing fee. (Doc. 19, p. 4). Pursuant to 28 U.S.C. § 2412 and as enumerated in 28 U.S.C. § 1920, this cost is permitted to be awarded to the prevailing party. Therefore, the Court awards $400.00 in costs and determines an award of $6,456.78 in attorney's fees for 31.4 hours of work is reasonable.

Plaintiff filed a Contingent Fee Agreement, which provides: "[Pineda] hereby assign[s] [her] rights in any fees payable to [her] under the EAJA to my attorneys at [Osterhout Berger Disability Law, LLC]." (Doc. 19-1). Thus, the Court will allow

the fees to be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed by Plaintiff.

Accordingly, it is **ORDERED** that the Uncontested Petition for Award of Attorney Fees Under the Equal Access to Justice Act (Doc. 19) is **GRANTED** and the Court awards $6,456.78 in attorney's fees and $400.00 in costs. These fees and costs may be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed by Plaintiff Noemi Pineda. The Clerk of Court is directed to enter an amended judgment.

**DONE** and **ORDERED** in Fort Myers, Florida on March 1, 2021.

*Nicholas P. Mizell*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

4